1   MORGAN, LEWIS & BOCKIUS LLP
2   Joseph Duffy, Bar No. 241854
    *joseph.duffy@morganlewis.com*
3   Megan A. Suehiro, Bar No. 316104
    *megan.suehiro@morganlewis.com*
4   300 South Grand Avenue
    Twenty-Second Floor
5   Los Angeles, CA  90071-3132
    Tel:   +1.213.612.2500
6   Fax:   +1.213.612.2501

7   MORGAN, LEWIS & BOCKIUS LLP
    J. Gordon Cooney, Jr., *pro hac vice*
8   *gordon.cooney@morganlewis.com*
    Franco A. Corrado, *pro hac vice*
9   *franco.corrado@morganlewis.com*
    2222 Market Street
10  Philadelphia, PA  19103-3007
    Tel:   +1.215.963.5000
11  Fax:   +1.215.963.5001

12  Attorneys for Defendant
    GLAXOSMITHKLINE CONSUMER
13  HEALTHCARE HOLDINGS (US) LLC, now
    known as Haleon US Holdings LLC
14

15              UNITED STATES DISTRICT COURT

16            SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 17  JACOB SCHEIBE, *individually and on behalf of all those similarly situated*, | Case No. 3:23-cv-00026-BTM-BLM |
| 18 | **MEMORANDUM OF POINTS AND** |
| 19      Plaintiff, | **AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO** |
| 20      v. | **DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT** |
| 21  GLAXOSMITHKLINE CONSUMER HEALTHCARE HOLDINGS (US) LLC | |
| 22  d/b/a Haleon, *a Delaware limited liability company*, | [*Notice of Motion and Motion to Dismiss; Declaration of Megan A. Suehiro filed concurrently herewith*] |
| 23      Defendant. | |
| 24 | Date: March 8, 2024 |
| 25 | Time: 11:00 a.m. Judge: Hon. Barry Ted Moskowitz |
| 26 | Courtroom: 15B |
| 27 | PER CHAMBERS, NO ORAL ARGUMENT UNLESS REQUESTED |
| 28 | BY THE COURT |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S MOTION TO DISMISS
CASE NO. 3:23-CV-00026-BTM-BLM

1

# TABLE OF CONTENTS

2

3
**Page**

4
I.     INTRODUCTION .................................................................................. 1

5
II.    FACTUAL BACKGROUND ................................................................ 2

6
III.   LEGAL STANDARD ........................................................................... 3

IV.    ARGUMENT ........................................................................................ 4

7
       A.     Plaintiff Has Not Plausibly Alleged That the Products' Labeling
              Is Misleading. ........................................................................... 4

8
              1.     Plaintiff's "natural" claims fail as a matter of law. ................... 4

9

10
              2.     Plaintiff has not plausibly alleged that malic acid is a
                     "flavoring agent" or "adjuvant" and FDA regulations are
                     not a substitute for the "reasonable consumer" standard in

11
                     any event. ................................................................... 9

12
       B.     Plaintiff's Claims for Equitable Relief Fail Because He Has an
              Adequate Remedy at Law. ........................................................ 11

13
       C.     Plaintiff Lacks Standing To Seek Injunctive Relief. .................... 12

V.     CONCLUSION .................................................................................. 13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

DEFENDANT'S MOTION TO DISMISS
CASE NO. 3:23-CV-00026-BTM-BLM

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Adams v. Cole Haan, LLC*
  2020 WL 5648605 (C.D. Cal. Sept. 3, 2020) ...................................................... 12

*Akers v. Costco Wholesale Corp.*
  631 F. Supp. 3d 625 (S.D. Ill. 2022) .................................................................. 13

*Andrade-Heymsfield v. NextFoods, Inc.*
  2022 WL 1772262 (S.D. Cal. Apr. 27, 2022) ........................................................ 5

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ............................................................................... 3, 4, 10

*Augustine v. Talking Rain Beverage Co.*
  386 F. Supp. 3d 1317 (S.D. Cal. 2019) ................................................................. 7

*Barreto v. Westbrae Nat., Inc.*
  518 F. Supp. 3d 795 (S.D.N.Y. 2021) .................................................................. 7

*Becker v. Skype Inc.*
  2014 WL 556697 (N.D. Cal. Feb. 10, 2014) ........................................................ 12

*Bell Atl. Corp v. Twombly*
  550 U.S. 544 (2007) ............................................................................................. 3

*Boss v. Kraft Heinz Co.*
  2023 WL 5804234 (N.D. Ill. Sept. 7, 2023), *appeal filed*, No. 23-2966 (7th Cir.
  Oct. 11, 2023) ....................................................................................................... 7

*Branca v. Bai Brands, LLC*
  2019 WL 1082562 (S.D. Cal. Mar. 7, 2019) ......................................................... 7

*Brown v. Starbucks Corp.*
  2019 WL 996399 (S.D. Cal. Mar. 1, 2019) ................................................. 5, 8, 10

*Buso v. ACH Food Companies*
  445 F. Supp. 3d 1033 (S.D. Cal. 2020) ................................................................ 4

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

DEFENDANT'S MOTION TO DISMISS
CASE NO. 3:23-CV-00026-BTM-BLM

*Chavez v. Allstate Northbrook Indem. Co.*
2023 WL 1813627 (S.D. Cal. Jan. 3, 2023) .......................................................... 11

*Chuang v. Dr. Pepper Snapple Grp., Inc.*
2017 WL 4286577 (C.D. Cal. Sept. 20, 2017) ...................................................... 6

*Davidson v. Kimberly-Clark Corp.*
889 F.3d 956 (9th Cir. 2018) ............................................................................... 12

*Ebner v. Fresh, Inc.*
838 F.3d 958 (9th Cir. 2016) ................................................................................. 5

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*
528 U.S. 167 (2000) ............................................................................................ 12

*Gest v. Bradbury*
443 F.3d 1177 (9th Cir. 2006) ............................................................................ 12

*Gordon v. City of Oakland*
627 F.3d 1092 (9th Cir. 2010) ............................................................................ 13

*Gouwens v. Target Corp.*
2022 WL 18027524 (N.D. Ill. Dec. 30, 2022) ............................................. 1, 6, 7

*Henderson v. Gruma Corp.*
2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) ....................................................... 6

*Hilsley v. Gen. Mills, Inc.*
376 F. Supp. 3d 1043 (S.D. Cal. Mar. 26, 2019) .................................................. 7

*Lujan v. Defs. of Wildlife*
504 U.S. 555 (1992) .............................................................................................. 4

*Matic v. U.S. Nutrition, Inc.*
2019 WL 3084335 (C.D. Cal. Mar. 27, 2019) .................................................... 12

*Mayfield v. United States*
599 F.3d 964 (9th Cir. 2010) .............................................................................. 12

*Potts v. Ford Motor Co.*
2021 WL 3112471 (S.D. Cal. July 22, 2021) ..................................................... 12

*Red v. Kraft Foods, Inc.*
2012 WL 5504011 (C.D. Cal. Oct. 25, 2012) ...................................................... 6

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

*Rodarte v. Philip Morris, Inc.*
2003 WL 23341208 (C.D. Cal. June 23, 2003)....................................................4

*Shay v. Apple Inc.*
2021 WL 1733385 (S.D. Cal. May 3, 2021) ......................................................12

*Sonner v. Premier Nutrition Corp.*
971 F.3d 834 (9th Cir. 2020)........................................................2, 11, 12

*Sprewell v. Golden State Warriors*
266 F.3d 979 (9th Cir. 2001) ...............................................................4

*Stewart v. Kodiak Cakes, LLC*
537 F. Supp. 3d 1103 (S.D. Cal. 2021) ........................................13

*United States v. Ritchie*
342 F.3d 903 (9th Cir. 2003) ...................................................8

*Victor v. R.C. Bigelow, Inc.*
2014 WL 1028881 (N.D. Cal. Mar. 14, 2014) .................................11

*Videtto v. Kellogg USA*
2009 WL 1439086 (E.D. Cal. May 21, 2009)......................................8

*Viggiano v. Hansen Nat. Corp.*
944 F. Supp. 2d 877 (C.D. Cal. 2013)..............................................9

*Werbel v. Pepsico, Inc.*
2010 WL 2673860 (N.D. Cal. July 2, 2010) ....................................5

*Wynn v. Topco Assocs., LLC*
2021 WL 168541 (S.D.N.Y. Jan. 19, 2021).....................................11

*Zeller v. Optavia, LLC*
2022 WL 17858032 (S.D. Cal. Dec. 22, 2022)................................11

## CALIFORNIA STATUTES

Sherman Food, Drug, and Cosmetic Law, Cal. Health & Saf. Code § 109875, *et seq.* ......................................................................................10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

DEFENDANT'S MOTION TO DISMISS
CASE NO. 3:23-CV-00026-BTM-BLM

**OTHER AUTHORITIES**

21 C.F.R.
    § 101.22 ................................................................................. 9, 10
    § 101.22(i)(2) ............................................................................. 9
    § 101.22(a)(3) ............................................................................ 8
    § 170.3(o)(11) ........................................................................... 9, 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

v

DEFENDANT'S MOTION TO DISMISS
CASE NO. 3:23-CV-00026-BTM-BLM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

In his Second Amended Complaint ("SAC"), Plaintiff persists with the same flawed theory that the phrases "with Natural Flavors" and "Natural fruit flavors" appearing on the front label of the "Flavored Fizzy Drink Mix" dietary supplements known as Emergen-C Daily Immune Support (the "Products") are misleading.[1]  Like his two prior complaints, Plaintiff does not refute that the Products do, in fact, contain natural flavors.  Instead, Plaintiff contends that the Products' labeling led him to believe that the Products were ***exclusively*** naturally flavored, which he claims is false because the Products allegedly contain artificial malic acid as an ingredient. Plaintiff's claims fail for numerous reasons.

***First***, each of Plaintiff's claims continue to suffer from the underlying fundamental defect that Plaintiff still has not alleged facts plausibly demonstrating that the Products' labeling is false or misleading to a reasonable consumer.  Plaintiff theorizes that the label promises a product with exclusively natural flavors.  But the label merely characterizes the Product as containing natural flavors, not exclusively natural flavors.  Courts have dismissed substantially similar claims because "it is not misleading for [a manufacturer] to 'disclose that its products contain natural flavors'" even where the product contains other, allegedly non-natural flavors.  *Gouwens v. Target Corp.*, 2022 WL 18027524, at *3-4 (N.D. Ill. Dec. 30, 2022).  There is no dispute that the Products are flavored with natural flavors, including natural fruit

---

[1] Plaintiff initially named Alacer Corporation ("Alacer") as defendant.  ECF No. 1. After Alacer filed a motion to dismiss, the Court issued an order requiring Plaintiff to address minimal diversity under the Class Action Fairness Act.  ECF No. 22. Plaintiff filed a First Amended Complaint substituting GlaxoSmithKline Consumer Healthcare Holdings (US) LLC as defendant and making substantive changes, including dropping claims for violation of the (i) Pennsylvania Unfair Trade Practices and Consumer Protection Law, (ii) California Unfair Competition Law, and (iii) California False Advertising Law.  ECF No. 23.  The Court thereafter issued another order directing Plaintiff to address minimal diversity, after which Plaintiff filed the SAC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S MOTION TO DISMISS
CASE NO. 3:23-CV-00026-BTM-BLM

flavors, and thus these label statements are objectively true. This common pleading failure requires dismissal of each of Plaintiff's claims.

*Second*, Plaintiff's claim that the Products are somehow misbranded under federal law because the front label does not state "Artificially Flavored" should be dismissed, among other reasons, because Plaintiff has not plausibly alleged that malic acid is a "flavoring agent" or "adjuvant" and the plain meaning of the label is simply that the Product contains natural flavors.

*Third*, and in addition to these two overarching grounds for dismissal, Plaintiff's causes of action suffer from independent defects. His equitable claims for restitution must be dismissed because he has not alleged that he lacks an adequate remedy at law. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 845 (9th Cir. 2020). Instead, Plaintiff alleges repeatedly that he is entitled to a number of legal remedies, including actual, punitive, and consequential damages, foreclosing his equitable restitution claims.

*Fourth*, Plaintiff lacks standing to seek injunctive relief because as alleged he now is fully aware that the Products allegedly "contain artificial flavorings" in his view, and thus he has not reasonably shown the requisite likelihood of future injury.

Plaintiff already has had multiple opportunities to amend in response to the dispositive arguments asserted in response to his original complaint. He should not get another opportunity. The Court should dismiss Plaintiff's claims in their entirety without leave to amend.

## II.   FACTUAL BACKGROUND

The Products are dietary supplements available in a variety of flavors.[2]  SAC ¶¶ 21-22. The front label of the Product Plaintiff allegedly purchased includes the statements "Super Orange Flavored Fizzy Drink Mix with Natural Flavors" and "Natural fruit flavors," and depicts the image of the referenced fruit for which the

---

[2]  Defendant GlaxoSmithKline Consumer Healthcare Holdings (US) LLC, now known as Haleon US Holdings LLC ("Haleon"), is the successor to the prior manufacturer and distributor of the Products (Alacer).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

DEFENDANT'S MOTION TO DISMISS
CASE NO. 3:23-CV-00026-BTM-BLM

Product is flavored.  *See id.* ¶¶ 18, 22.  Plaintiff does not dispute that the Products actually contain "natural" fruit flavors.  He also does not allege that the Product he purchased was in any way ineffective for its intended purpose.

Plaintiff contends that each Product includes "malic acid" as an ingredient, which he confirms is disclosed on the ingredient panel display.  *Id.* ¶ 25.  According to Plaintiff, although there is a naturally occurring form of malic acid, unidentified alleged "testing by an independent third-party laboratory of the Products purchased by Plaintiff has confirmed that the malic acid . . . use[d] in these Products is DL malic acid, a synthetic substance derived from petrochemicals."  *Id.* ¶ 26.

Plaintiff is a California resident who claims he "carefully reviews labels . . . to ensure that he consumes primarily natural ingredients and avoids artificial flavors and ingredients."  *Id.* ¶¶ 1, 19.  Plaintiff alleges he reviewed the label on the Products prior to his purchase and "understood Defendant's 'Natural Flavors' and other statements and graphical elements on the labels . . . , as well as its failure to disclose the use of artificially derived malic acid, to mean that the Products contain only natural flavorings."  *Id.* ¶ 50.  He does not identify any other alleged statement or representation about the Products (such as any advertising or online promotion) that he allegedly read, heard, or considered before his purchase.  *See id.*

Based on these allegations, Plaintiff filed this putative class action asserting claims for violation of the Consumer Legal Remedies Act ("CLRA"), and for unjust enrichment and breach of express warranty.

## III.   LEGAL STANDARD

FRCP 12(b)(6) requires Plaintiff to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Factual allegations "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

DEFENDANT'S MOTION TO DISMISS
CASE NO. 3:23-CV-00026-BTM-BLM

at 555.   A court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (brackets and citation omitted).

Plaintiff must also plead sufficient factual information to support a finding of Article III standing and subject matter jurisdiction to survive a FRCP 12(b)(1) challenge.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) ("[E]ach element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.").

## IV.   ARGUMENT

### A.   Plaintiff Has Not Plausibly Alleged That the Products' Labeling Is Misleading.

Plaintiff offers two theories for why the Products' labeling allegedly misleads consumers into believing that the Products contain exclusively "natural" flavors, neither of which provides a viable theory on which Plaintiff can state any claim.

#### 1.   Plaintiff's "natural" claims fail as a matter of law.

All of Plaintiff's claims, which are based on use of the phrases "with Natural Flavors" and "Natural fruit flavors," should be dismissed.  His deception claims are governed by the "reasonable consumer" test.[3]  *See Buso v. ACH Food Companies*, 445 F. Supp. 3d 1033, 1037-39 (S.D. Cal. 2020) (applying "reasonable consumer"

---

[3] To prevail on his breach of express warranty claim, a plaintiff must prove that the seller "(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." *Rodarte v. Philip Morris, Inc.*, 2003 WL 23341208, at *5 (C.D. Cal. June 23, 2003). This Motion demonstrates that Plaintiff has not identified any breach of any affirmation of fact or promise.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

DEFENDANT'S MOTION TO DISMISS
CASE NO. 3:23-CV-00026-BTM-BLM

1    standard to claims under the CLRA); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th
2    Cir. 2016) ("[C]laims under the California consumer protection statutes are governed
3    by the 'reasonable consumer' test.").

4    In the context of false labeling claims, the "reasonable consumer" test requires
5    that a plaintiff plead and prove "more than a mere possibility that [the] label 'might
6    conceivably be misunderstood by some few consumers viewing it in an unreasonable
7    manner.'" *Ebner*, 838 F.3d at 965. "Rather, the reasonable consumer standard
8    requires a probability 'that a significant portion of the general consuming public or
9    of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Id.*

10   "[A]llegations of deception must be assessed according to what the
11   advertisement or label depicts and ***actually says***, and ***not allegations of implied***
12   ***meaning***." *Andrade-Heymsfield v. NextFoods, Inc.*, 2022 WL 1772262, at *4 (S.D.
13   Cal. Apr. 27, 2022) (Moskowitz, J.) (citation omitted, emphasis added) (granting
14   motion to dismiss claims concerning allegedly implied health benefits). "[W]here a
15   court can conclude as a matter of law that members of the public are not likely to be
16   deceived by the product packaging, dismissal is appropriate." *Werbel v. Pepsico,*
17   *Inc.*, 2010 WL 2673860, at *3 (N.D. Cal. July 2, 2010); *see also Brown v. Starbucks*
18   *Corp.*, 2019 WL 996399, at *3 (S.D. Cal. Mar. 1, 2019) (granting motion to dismiss
19   claims concerning fruit flavored gummies and noting "in certain instances, a court
20   can properly make this determination and resolve [deception] claims based on its
21   review of the product packaging") (brackets and citation omitted).

22   Plaintiff here alleges that the statements "with Natural Flavors" and "Natural
23   fruit flavors" on the Products' label are false and misleading because in addition to
24   the undisputed presence of natural flavors, the Products also allegedly include "an
25   artificial flavoring, DL malic acid." SAC ¶¶ 24, 26.

26   Plaintiff's claims are based on an untenable reading of the Products' label—
27   i.e., that based on these statements, consumers would believe that the Products
28   contain "***only*** natural flavorings." *Id.* ¶ 50 (emphasis added). The Product does not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

DEFENDANT'S MOTION TO DISMISS
CASE NO. 3:23-CV-00026-BTM-BLM

promise that it is ***exclusively*** flavored with natural ingredients, only that it is made "***with*** natural flavors" and "natural fruit flavors." *Id.* ¶ 22 (emphasis added).

Courts have regularly dismissed claims that a product includes exclusively natural ingredients or a significant amount of a natural ingredient where the label includes no such express statement. *See, e.g.*, *Chuang v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4286577, at *3-5 (C.D. Cal. Sept. 20, 2017) (rejecting claim that product labeled "made with real fruit" with associated images "convey[ed] to consumers that the product contains a 'significant amount of that ingredient") (citing cases); *Henderson v. Gruma Corp.*, 2011 WL 1362188, at *12 (C.D. Cal. Apr. 11, 2011) (rejecting claim that package of dip labeled "with garden vegetables" was misleading because the product did "in fact contain vegetables"); *Red v. Kraft Foods, Inc.*, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012) (rejecting claim that "made with real vegetables" statement on crackers misled consumers to believe the product contained a significant quantity of real vegetables because a reasonable consumer would not believe that the crackers were composed of "primarily fresh vegetables"). If use of the preposition "with" does not reasonably suggest the significant presence of natural ingredients, then it logically cannot reasonably suggest exclusivity.

An Illinois court dismissed a substantially similar suit challenging products labeled as containing "natural flavors" where the product contained allegedly artificial malic acid in addition to the natural flavors. *Gouwens*, 2022 WL 18027524, at *3-4. In *Gouwens*, the plaintiff alleged that the product contained artificial malic acid based on the inclusion of "malic acid" in the product's ingredients list, and that the statement "Natural flavor with other natural flavors" on the product's front label was therefore misleading. *Id.* at *1, 4. The court disagreed, concluding on a motion to dismiss that the statement "Natural flavor with other natural flavors" "does not amount to an affirmative representation that the [p]roduct is free from artificial flavors" and that the plaintiff failed to allege that a reasonable consumer would be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

DEFENDANT'S MOTION TO DISMISS
CASE NO. 3:23-CV-00026-BTM-BLM

misled.[4]  *Id.* at *3.  Other courts are in accord.  *See, e.g.*, *Boss v. Kraft Heinz Co.*, 2023 WL 5804234, at *2 (N.D. Ill. Sept. 7, 2023) ("The Product's front label states it contains 'Natural Flavor with Other Natural Flavors,' but this does not amount to an affirmative representation that the Product is free from artificial flavors."), *appeal filed*, No. 23-2966 (7th Cir. Oct. 11, 2023); *Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795, 804 (S.D.N.Y. 2021) (concluding that the product's labeling—which contained the words "Vanilla Soymilk" and "Natural Vanilla Flavor With Other Natural Flavors"—"makes a representation regarding its flavor and does not imply or represent [that] the source of that flavor comes exclusively or predominantly from natural vanilla").

Similarly, here, the statements "Super Orange Flavored Fizzy Drink Mix with Natural Flavors" and "Natural fruit flavors" do not represent that the Products are free from artificial flavors, or include exclusively "natural" flavors.  To the contrary, the first statement qualifies that the Product Plaintiff allegedly purchased is a "Super Orange Flavored Fizzy Drink Mix **with** Natural Flavors," which reasonably indicates something less than the whole.[5]  *Gouwens*, 2022 WL 18027524, at *3-4.  And, the second statement—"Natural fruit flavors"—communicates that the fruit flavors are natural.  Each is an objectively true statement, and Plaintiff does not refute the presence of natural fruit flavors.

In *Brown v. Starbucks Corporation*, the court rejected claims that gummy products labeled as "[a]pple, watermelon, tangerine and lemon flavored candies"

---

[4] The "natural" statements at issue here differ from those in cases where courts have declined to dismiss labeling claims at the pleadings stage.  *Compare* SAC ¶ 22 ("***Super Orange Flavored*** Fizzy Drink Mix **with** Natural Flavors" and "Natural fruit flavors") (emphasis added) *with Branca v. Bai Brands, LLC*, 2019 WL 1082562 (S.D. Cal. Mar. 7, 2019) ("***No*** artificial flavors") (emphasis added); *Hilsley v. Gen. Mills, Inc.*, 376 F. Supp. 3d 1043 (S.D. Cal. Mar. 26, 2019) (same); *Augustine v. Talking Rain Beverage Co.*, 386 F. Supp. 3d 1317 (S.D. Cal. 2019) (product labeled "Naturally Flavored Sparkling Water" without qualification).

[5] Plaintiff does not plausibly allege that the Products contain artificial flavor, in any event.  *See infra* Section IV.A.2.

DEFENDANT'S MOTION TO DISMISS
CASE NO. 3:23-CV-00026-BTM-BLM

suggested that product was "flavored only with natural juices or flavors."  2019 WL 996399, at *1-2.  The court observed the products' composition—"brightly-colored, gelatinous candy"—would not "lead a reasonable consumer to conclude that the Gummies contain only natural ingredients."  *Id.* at *1-4.  And, the court further explained that "the term 'flavored' implies the Gummies contain artificial ingredients."  *Id.*  Likewise, the descriptive phrases "***Super*** Orange" (emphasis added) and "Flavored Fizzy Drink Mix" to describe the brightly colored drink mix does not reasonably convey the absence of artificial flavors or ingredients.  *Cf. Videtto v. Kellogg USA*, 2009 WL 1439086, at *1-3 (E.D. Cal. May 21, 2009) (dismissing CLRA and other claims based on allegations that consumers were misled into believing that fanciful spelling "Froot Loops" cereal contained "real, nutritious fruit" despite label stating "natural fruit flavors").

There is no dispute that the Products contain natural flavors.  The Super Orange flavored Product that Plaintiff allegedly purchased plainly discloses on the ingredient panel that it contains "Natural Flavors" and "Orange Juice Concentrate (color and flavor)," consistent with the challenged "natural flavors" statements.  Declaration of Megan A. Suehiro ("Suehiro Declaration"), Ex. A (back panel).[6]  These ingredients qualify as "natural" under 21 C.F.R. § 101.22(a)(3).[7]

---

[6] When deciding a motion to dismiss under Rule 12(b)(6), the Court may consider documents "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Plaintiff's claims depend on the label and its allegedly misleading nature.  The SAC repeatedly references the label and even includes a purported photograph of the front of the label, SAC ¶ 22, but not the back panel, which is attached as Exhibit A to the Suehiro Declaration.

[7] 21 C.F.R. § 101.22(a)(3) states: "The term natural flavor or natural flavoring means the essential oil, oleoresin, essence or extractive, protein hydrolysate, distillate, or any product of roasting, heating or enzymolysis, which contains the flavoring constituents derived from a spice, ***fruit or fruit juice***, vegetable or vegetable juice . . . whose significant function in food is flavoring rather than nutritional." (emphasis added).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

DEFENDANT'S MOTION TO DISMISS
CASE NO. 3:23-CV-00026-BTM-BLM

Where, as here, "a product's front label is accurate and consistent with the statement of ingredients, courts routinely hold that no reasonable consumer could be misled by the label, because a review of the statement of ingredients makes the composition of the food or drink clear." *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 892 n.38 (C.D. Cal. 2013) (granting motion to dismiss and holding that a product may be labeled as "fruit flavored" or "naturally flavored," so long as that product "contains natural flavor" which is "derived from" the "characterizing food ingredient").

> **2.     Plaintiff has not plausibly alleged that malic acid is a "flavoring agent" or "adjuvant" and FDA regulations are not a substitute for the "reasonable consumer" standard in any event.**

As described in the prior section, the labels do not support Plaintiff's theory that the Products contain ***only*** natural flavors.  In any event, Plaintiff similarly fails to allege facts plausibly showing that malic acid is an artificial "flavoring agent" or "adjuvant" dooming his claims based on the phrases "with Natural Flavors" and "Natural fruit flavors" as well as his claim that the Products should have been labeled "Artificially Flavored."

Plaintiff claims that "[i]f any artificial flavor is present which 'simulates, resembles or reinforces' the characterizing flavor [of the product], the front label must prominently inform consumers that the product is 'Artificially Flavored.'" SAC ¶ 37 (citing 21 C.F.R. § 101.22(i)(2)).  Even taking as true Plaintiff's allegation that the malic acid in the Products is "artificial," 21 C.F.R. § 101.22 applies only to "flavoring agents and adjuvants," which are "[s]ubstances added to impart or help impart a taste or aroma in food." *Id.* § 170.3(o)(12); *see* 21 C.F.R. § 101.22.  The regulations do not apply to "flavor enhancers," which are "[s]ubstances added to supplement, enhance, or modify the original taste and/or aroma of a food, without imparting a characteristic taste or aroma of its own." *Id.* § 170.3(o)(11).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

DEFENDANT'S MOTION TO DISMISS
CASE NO. 3:23-CV-00026-BTM-BLM

1    Plaintiff does not plead facts plausibly establishing that malic acid is a

2    "flavoring agent" or "adjuvant."  Instead, Plaintiff alleges that "[t]he malic acid used

3    in the Products is used to create, simulate, ***and/or*** reinforce the sweet and tart taste

4    that consumers associate with the characterizing fruit flavors stated on the labels."

5    SAC ¶ 30 (emphasis added).  Given that this allegation is made in the "and/or"

6    format, it amounts to nothing more than the ***possibility*** that the malic acid may be

7    serving as a flavoring agent.  *See Iqbal*, 556 U.S. at 679 (alleging the "mere

8    possibility of misconduct" does not demonstrate "that the pleader is entitled to

9    relief").  For example, if the malic acid only reinforces the taste as expressly alleged,

10   then it would not be covered by the regulation Plaintiff relies upon.  *See* 21 C.F.R.

11   § 101.22.  Rule 8's plausibility standard requires "more than a sheer possibility that

12   a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.

13       Plaintiff's own allegations contradict even the "sheer possibility" that malic

14   acid acts as a flavoring agent.  By Plaintiff's account, the malic acid allegedly

15   "chang[es] the ratio between sugars and acids that is naturally found in fruits such as

16   oranges, lemons, raspberries, cranberries, and others." SAC ¶ 41.  Changing the ratio

17   of acidity falls squarely into the definition of "flavor enhancers," which, by

18   definition, "supplement, enhance, or ***modify*** the original taste and/or aroma of a

19   food." 21 C.F.R. § 170.3(o)(11) (emphasis added).  And, as described above, "flavor

20   enhancers" do not require the "artificial flavors" disclosure.

21       Moreover, a defendant's "alleged failure to abide by federal and California

22   advertising and food labelling requirements, without more, would not mislead a

23   reasonable consumer." *Brown*, 2019 WL 996399, at *4.[8]  Plaintiff does not allege

24   "that reasonable consumers are aware of these complex regulations, much less that

25

26   [8] Plaintiff alleges in passing that "California's Sherman Food, Drug, and Cosmetic Law, Cal. Health & Saf. Code § 109875, *et seq.*, incorporates and enacts as substantive provisions of state law all food flavoring and additive regulations of the FDCA." SAC ¶ 40.  Reference to this California law fails for the same reasons as its federal counterpart.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

DEFENDANT'S MOTION TO DISMISS
CASE NO. 3:23-CV-00026-BTM-BLM

they incorporate the regulations into their day-to-day marketplace expectations." *Wynn v. Topco Assocs., LLC*, 2021 WL 168541, at *3 (S.D.N.Y. Jan. 19, 2021); *Victor v. R.C. Bigelow, Inc.*, 2014 WL 1028881, at *17 (N.D. Cal. Mar. 14, 2014) ("[T]he ultimate question . . . is what a reasonable consumer expects, which may have absolutely no relation to FDA regulations."). Plaintiff accordingly has not plausibly alleged that the absence of an "artificial flavors" disclaimer on the front of the packaging is misleading to a reasonable consumer particularly where, as here, the challenged phrases "with Natural Flavors" and "Natural fruit flavors" read in context do not represent that the Products are free from artificial flavors.

For all of these reasons, Plaintiff's claims concerning the alleged omission of "Artificially Flavored" must be dismissed in their entirety.

### B.   Plaintiff's Claims for Equitable Relief Fail Because He Has an Adequate Remedy at Law.

Under Ninth Circuit law, Plaintiff cannot pursue equitable claims unless he establishes that he lacks an adequate remedy at law. *See Sonner*, 971 F.3d at 845 (affirming dismissal of equitable claim where the plaintiff "fail[ed] to demonstrate that she lacks an adequate legal remedy"). "[T]his District has consistently ruled that the plaintiff must state they lack an adequate remedy at law when raising equitable claims since *Sonner* was decided." *Chavez v. Allstate Northbrook Indem. Co.*, 2023 WL 1813627, at *9 (S.D. Cal. Jan. 3, 2023).

The SAC does not allege Plaintiff lacks an adequate remedy at law. To the contrary, the SAC alleges repeatedly that Plaintiff is entitled to a number of legal remedies, including actual, statutory, punitive, and consequential damages. *See* SAC ¶ 81 (alleging entitlement to "actual, punitive, and consequential damages"); *id.*, Prayer for Relief (seeking an award of "actual and/or other damages").

Here, Plaintiff seeks equitable restitution for past harm. *See, e.g.*, *id.* ¶¶ 52, 60, 89. This claim must therefore be dismissed pursuant to *Sonner* and its progeny. *See Zeller v. Optavia, LLC*, 2022 WL 17858032, at *7 (S.D. Cal. Dec. 22, 2022)

(following *Sonner* and dismissing claims for equitable relief); *Shay v. Apple Inc.*, 2021 WL 1733385, at *5 (S.D. Cal. May 3, 2021) (dismissing UCL claim and equitable relief sought in CLRA claim based on *Sonner*); *Potts v. Ford Motor Co.*, 2021 WL 3112471, at *5 (S.D. Cal. July 22, 2021) (dismissing claim seeking restitution where plaintiff "made no . . . allegations that money damages would be an inadequate remedy"); *Adams v. Cole Haan, LLC*, 2020 WL 5648605, at *2 (C.D. Cal. Sept. 3, 2020) ("The clear rule in *Sonner* [is] that plaintiffs must plead the inadequacy of legal remedies before requesting equitable relief[.]").

## C.   **Plaintiff Lacks Standing To Seek Injunctive Relief.**

"[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 185 (2000); *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). "Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects." *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010). To establish standing to seek injunctive relief, Plaintiff must demonstrate that he is "realistically threatened by a *repetition* of the violation." *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (citation omitted) (emphasis in original).

The Ninth Circuit has held that where standing for injunctive relief "is premised entirely on the threat of repeated injury, a plaintiff must show 'a sufficient likelihood that he will again be wronged in a similar way.'" *Davidson*, 889 F.3d at 967 (citation omitted); *see also Matic v. U.S. Nutrition, Inc.*, 2019 WL 3084335, at *8 (C.D. Cal. Mar. 27, 2019) ("Plaintiff is now aware that he can find out how much protein powder is in Defendant's containers" and is not "likely to be deceived by the size of the protein powder containers in the future.").

Here, taking Plaintiff's allegations as true, he is now fully aware that the Products "contain artificial flavorings," SAC ¶ 42, and cannot reasonably plead that he will be injured in the future by the labeling at issue. *See Becker v. Skype Inc.*,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

12

DEFENDANT'S MOTION TO DISMISS
CASE NO. 3:23-CV-00026-BTM-BLM

2014 WL 556697, at *3 (N.D. Cal. Feb. 10, 2014) (dismissing claims without leave to amend, reasoning that, "[i]f a plaintiff has knowledge of a defendant's practices, that plaintiff cannot have standing to seek injunctive relief to redress injuries caused by those practices, because the plaintiff's knowledge precludes him from showing a likelihood of being injured in the future by those practices"); *see also Akers v. Costco Wholesale Corp.*, 631 F. Supp. 3d 625, 637 (S.D. Ill. 2022) (finding injunctive relief unavailable where plaintiff was "aware of the sparkling water's label and relative ingredients and would not likely be harmed by such representation in the future"); *see also Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1127 (S.D. Cal. 2021) (no standing where "Plaintiffs can check the nutrition facts or ingredient labeling to assess if the products still contain preservatives"). Plaintiff plainly lacks standing to seek injunctive relief under the circumstances. To the extent Plaintiff seeks leave to amend, such leave should be denied because amendment would be futile. *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

## V. <u>CONCLUSION</u>

For all of the foregoing reasons, and in consideration of Plaintiff's multiple amendments, this Court should grant Haleon's Motion and dismiss the SAC with prejudice.

Dated:     January 22, 2024           MORGAN, LEWIS & BOCKIUS LLP


By  */s/ Megan A. Suehiro*
Megan A. Suehiro
Attorneys for Defendant
GlaxoSmithKline Consumer
Healthcare Holdings (US) LLC, now
known as Haleon US Holdings LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

13

DEFENDANT'S MOTION TO DISMISS
CASE NO. 3:23-CV-00026-BTM-BLM